968 So.2d 213 (2007)
Floyd WAGAR
v.
DEPARTMENT OF POLICE.
No. 2007-CA-0365.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 2007.
*214 Gary M. Pendergast, Gary M. Pendergast, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
James B. Mullaly, Assistant City Attorney, Penya Moses-Fields, City Attorney, Joseph V. Dirosa, Jr., Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellee.
*215 (Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
MICHAEL E. KIRBY, Judge.
Plaintiff, Floyd Wagar, appeals from the Civil Service Commission's ("the Commission") dismissal of his appeal following termination of his employment with the New Orleans Police Department ("NOPD"). Plaintiff's employment was terminated for neglect of duty for taking unauthorized leave following Hurricane Katrina. For reasons that follow, we affirm.
Prior to the termination of his employment, plaintiff was a Police Officer II with the NOPD with permanent status. Plaintiff reported for duty to the Fourth Police District on August 28, 2005 at 6:00 p.m., and stayed in his parked police vehicle under the Greater New Orleans Mississippi River Bridge as Hurricane Katrina made landfall in New Orleans on August 29, 2005. At approximately 4:00 p.m. on August 29, 2005, the Captain of the Fourth District allowed his personnel to leave their posts in order to check on their homes and families. It is undisputed that plaintiff did not return to his post until September 14, 2005. Plaintiff was absent without leave for sixteen (16) days. Accordingly to guidelines established by the NOPD command staff following Hurricane Katrina, any officer absent without permission for more than fourteen (14) days following the hurricane was recommended to be terminated for neglect of duty. Upon his return to New Orleans, plaintiff was placed under emergency suspension for thirty (30) days, and resumed his duties until he was terminated by the NOPD in January 2006.
Following his termination, plaintiff filed an appeal with the Commission. A hearing was held on April 24, 2006. On January 19, 2007, the Commission rendered its decision dismissing plaintiff's appeal, thereby affirming the NOPD's termination of plaintiff's employment. Plaintiff now appeals the Commission's dismissal of his appeal.
The facts of this case are not in dispute. On the afternoon of August 29, 2005, a police sergeant drove plaintiff to a location approximately fourteen blocks from plaintiff's home. Plaintiff had to walk the remainder of the way home due to downed power lines and trees. Upon his arrival at his home, plaintiff was advised by his wife that she and an ill friend, Ms. Pele Jones, were concerned about their circumstances and wanted to leave the area. Plaintiff's personal vehicle had been destroyed in the storm by a fallen awning. Ms. Jones had a vehicle but was afraid to drive on the highway, and plaintiff's wife does not drive. Plaintiff drove his wife and Ms. Jones to Texas in Ms. Jones' vehicle. He relinquished Ms. Jones' vehicle to her relatives in Texas, and then attempted unsuccessfully to obtain a rental car. He purchased a used vehicle several days later, and notified his supervisor of his circumstances. The vehicle that plaintiff purchased needed repairs and when those repairs were completed, plaintiff brought his wife to Sulphur, Louisiana to stay with her relatives. Plaintiff returned to New Orleans on September 14, 2005. He testified that he maintained telephone contact with his supervisor throughout this entire period.
In his appeal, plaintiff argues that the Commission committed manifest error in dismissing his appeal because no discipline was warranted in this case, or, if discipline was warranted, the penalty of termination was excessive under the particular circumstances.
The applicable legal precepts in this case are as follows: An employee who *216 has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. The employee may appeal from such disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const. art. X, § 8 (1974); Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 112-113 (La. 1984). The Commission's decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const. art. X § 12(B).
The Commission has a duty to independently decide, from the facts presented, whether the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Walters, 454 So.2d at 113. Legal cause for disciplinary action exists whenever an employee's conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311, 1316 (La.App. 4 Cir.1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service. Id., at 1315.
In reviewing the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters, 454 So.2d at 114. "Arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
At his Commission hearing, plaintiff testified that he was aware that the NOPD was put in an emergency activation status as Hurricane Katrina approached the area. He was also aware that this meant he was mandated to report to duty and stay on duty until relieved. He was authorized to leave his post to check on his home and family on the afternoon of August 29, 2005, but he did not report again to duty until September 14, 2005. Sergeant Todd Coleman, who conducted the investigation regarding plaintiff's disciplinary action, testified that plaintiff did not say that he left the New Orleans area with permission; he stated that he left because of extenuating circumstances. Sergeant Coleman determined from his investigation that plaintiff was expected to return to work on August 30, 2005 after being allowed to return home on August 29, 2005 to check on his home and family, and that no one in plaintiff's rank authorized him to leave the city. Deputy Superintendent Marlon Defillo testified that no officer in the NOPD was allowed to leave the city during the first week after Hurricane Katrina because of the crisis situation. Deputy Superintendent Defillo stated that he recommended that plaintiff's employment with the NOPD be terminated at plaintiff's pre-termination hearing. He based this recommendation on guidelines established by the NOPD command staff that officers who were absent without authorization for more than fourteen (14) days were to be recommended for termination.
In dismissing plaintiff's appeal, the Commission noted that the department has rejected arguments by other police officers that compelling personal circumstances prevented them from returning to duty for more than fourteen (14) days. The Commission stated that the police department *217 is a para-military organization that must have broad discretion to impose discipline when police officers are missing from duty during emergencies. In its opinion, the Commission noted that Deputy Superintendent Marlon Defillo testified that the department had adopted a consistent and uniform policy in handing out terminations for violations of the fourteen-day requirement for returning to duty, and no one was excused regardless of the harshness of the consequences.
In the instant case, the evidence presented at the Commission hearing supports the findings of the NOPD and the Commission that plaintiff was absent without leave for sixteen (16) days following Hurricane Katrina. We agree with the Commission's finding that the NOPD had cause for terminating plaintiff's employment. The complained of activity in this case, i.e., neglect of duty for taking unauthorized leave following Hurricane Katrina for sixteen (16) days, certainly bore a real and substantial relationship to the efficient operation of the NOPD. The penalty of termination in this case was warranted and not excessive considering the circumstances. The Commission's denial of plaintiff's appeal was neither arbitrary nor capricious, and was not an abuse of discretion.
Accordingly, the judgment of the Commission is hereby affirmed.
AFFIRMED.